FILED
2021 May-18 PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **BOMASADA BIRMINGHAM METROPOLITAN, LLC,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| **LORD AECK SARGENT, A KATERRA COMPANY PLLC,** | ) ) ) |
| Defendant. | ) |

Case No. 2:21-cv-00661-AMM

---

**DEFENDANT LORD AECK SARGENT, A KATERRA COMPANY PLLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT FIVE OF PLAINTIFF BOMASADA BIRMINGHAM METROPOLITAN, LLC'S COMPLAINT**

---

Defendant Lord Aeck Sargent, a Katerra Company PLLC ("Lord Aeck") submits this Memorandum of Law in Support of its Motion to Dismiss Count Five of Plaintiff Bomasada Birmingham Metropolitan, LLC's ("Bomasada") Complaint (Doc. 1-1).

### I.   **INTRODUCTION.**

This case arises out of the construction of a multi-family residential project in Birmingham, Alabama (the "Project"). On March 10, 2021, Bomasada filed a Complaint against Lord Aeck, in which it asserts various tort and contract claims it

alleges stem from architectural and design services Lord Aeck provided for the Project. (Doc. 1-1). In Count Four of its Complaint, Bomasada alleges an express, written indemnity agreement exists and demands contractual indemnity from Lord Aeck. (Id. at p. 9). In Count Five of its Complaint, Bomasada asserts a claim against Lord Aeck for contribution and common law indemnity. (Id. at p. 10).

Alabama does not recognize a cause of action for contribution, as pled by Bomasada. Further, Bomasada cannot pursue both contractual and implied theories of indemnification. Count Five is therefore due to be dismissed pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) as it does not state a claim upon which relief can be granted.

## II.  STATEMENT OF FACTS.[1]

### A.  The Project.

Bomasada is a business entity which was formed to construct and operate the Project located at 2900 7th Avenue South, Birmingham, Alabama. (Doc. 1, ¶ 4). Bomasada alleges Lord Aeck is an architectural and design firm that was retained by Bomasada primarily to prepare architectural plans (the "Plans") for the Project. (Id. at ¶¶ 5-6). Bomasada alleges that in June 2014, it entered into a contract with Lord Aeck under which Lord Aeck was to provide pre-design and

---

[1] For purposes of its Motion to Dismiss, Lord Aeck assumes the allegations in Bomasada's Complaint to be true and has restated the relevant factual allegations. However, Lord Aeck does not admit to the truth of any facts contained in the Complaint and reserves the right to dispute any of the factual allegations during the course of this litigation.

construction administration services. (Id. at ¶ 6). Bomasada alleges it discovered errors and omissions by Lord Aeck during the course of construction on the Project. (Id. at ¶ 10).

### B. The Parties' Relationship to Maxus.

On or about August 31, 2018, Bomasada sold the Project to Maxus Metropolitan LLC ("Maxus"). (Id. at ¶ 17). In late 2018, certain portions of the Project were destroyed by a fire. (Id. at ¶ 18). In 2019, Maxus hired Lord Aeck to assist in rebuilding certain portions of the Project that were destroyed from the fire. (Doc. 1-1, ¶ 18).

### C. Maxus' Claims Against Bomasada.

In approximately April 2020, Maxus began to raise allegations against Bomasada of construction defects in Phases 1-5 of the Project. (Doc. 1-1, ¶ 19). Thereafter, Maxus initiated an arbitration proceeding against Bomasada Birmingham Construction, LLC based on the alleged construction defects. (Id. at 20). The arbitration is currently ongoing. (Id.). Bomasada denies some of the issues identified by Maxus are defects, but contends the remaining issues resulted from "inadequate and faulty design[s]" propounded by Lord Aeck. (Id. at ¶ 19).

### D. Bomasada's Claims Against Lord Aeck.

Bomasada alleges Section 9.13 of the Contract between Bomasada and Lord Aeck contains an express indemnity provision. (Id. at ¶ 48). Bomasada demands

contractual indemnity from Lord Aeck in Count Four of its Complaint pursuant to this provision. (Id. at ¶¶ 47-53). In Count Five of its Complaint, Bomasada additionally demands contribution or common law indemnity from Lord Aeck for any damages it may become liable to Maxus for at the conclusion of the arbitration proceeding. (Doc. 1, ¶¶ 56-58).

### III. COUNT FIVE OF BOMASADA'S COMPLAINT IS DUE TO BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

#### A. Bomasada's contribution claim is not cognizable under Alabama law and should be dismissed.

Bomasada pleads Count Five as a claim for "Contribution/Indemnity." (Doc. 1). The general rule in Alabama is that joint tortfeasors are not entitled to contributions from one another, except under very limited exceptions that have no applicability to this case.[2] See Ex parte Stenum Hosp., 81 So. 3d 314, 318 (Ala. 2011); see also SouthTrust Bank v. Jones, Morrison, Womack & Dearing, P.C., 2005 WL 628876, *13 (Ala. Civ. App. 2005) ("[J]oint tortfeasors do not have a right of contribution against each other in Alabama.").

Because Alabama courts do not recognize a right of contribution, "if a plaintiff sues one of two negligent joint tortfeasors, the one sued cannot implead

---

[2] The exceptions involve situations where there is a principal-agent relationship and the agent undertook acts at the direction of the principal and did know the acts to be tortious. See Parker v. Mauldin, 353 So. 2d 1375, 1377 (Ala. 1977). There is no alleged principal-agent relationship between Bomasada and Lord Aeck, and Bomasada does not allege it undertook any tortious acts at the direction of Lord Aeck. Therefore, the exceptions have no applicability.

4

3852139

the other under Rule 14, for he has no substantive right against the other." SouthTrust Bank, 2005 WL 628876, at *13 (internal citations omitted).

Bomasada cannot maintain a claim for contribution. Count Five of the Complaint fails to state a claim upon which relief may be granted and is due be dismissed.

> **B.    Bomasada's common law indemnity claim should be dismissed as it is foreclosed by the contractual indemnity claim.**

"Federal courts applying Alabama law have held that common law indemnity is not available when the parties have an express agreement of indemnity." NGM Ins. Co. v. Steven Vaughn Constr., Inc., No. 2:20-CV-00850-AMM, 2021 WL 871353, at *4 (N.D. Ala. Mar. 9, 2021); see also Hanover Ins. Co. v. Hudak & Dawson Const., 946 F. Supp. 2d 1208, 1219 (N.D. Ala. 2013) ("Here, however, because the parties entered into Agreements of Indemnity, Plaintiff may not rely on a common law theory of indemnification."); Companion Prop. & Cas. Ins. Co. v. Greaves-Walker, Inc., No. CIV.A. 13-00298-KD-N, 2013 WL 6442767, at *4 (S.D. Ala. Dec. 10, 2013) ("common law indemnity or implied theories of indemnity are not available when the parties have a specific indemnification agreement"); RBC BANK U.S. v. Holiday Isle, LLC., No. CIV 09-0038-WS-C, 2010 WL 447403, at *1 (S.D. Ala. Feb. 5, 2010) (joining the "clear majority of courts [that] have found that a party is proscribed from

recovering on an implied indemnity theory where the parties executed an express written indemnity agreement").

In Holiday Isle, the Southern District of Alabama held that implied indemnity was not a potentially available remedy, as a matter of law, when the plaintiff explicitly alleged it was owed contractual indemnity and an express contractual indemnity agreement was shown to exist. 2010 WL 447403, at *1. The plaintiff in that case had asserted claims both for contractual indemnity and common law indemnity. Id. The plaintiff insisted it could simultaneously pursue alternative theories of recovery based on both express and implied indemnity. Id. The plaintiff further argued it could not "be forced to 'prematurely elect between its remedies.'" Id.

The District Court rejected plaintiff's arguments, holding that the plaintiff could not "pursue a theory of recovery that its own pleading renders legally impossible." Id. (relying on Ohio Casualty Insurance Co. v. Holcim (US), Inc., 2007 WL 2807570 at * 11 (S.D. Ala. 2007), rev'd on other grounds, 589 F.3d 1361 (11th Cir. 2009)). In granting the Motion to Dismiss the indemnity claim, the District Court held that the plaintiff's right to common law indemnity was cut off based on the express indemnity agreement, and therefore, the plaintiff "must gain indemnity either through its contractual indemnity provision or not at all." RBC BANK U.S., 2010 WL 447403, at *1.

The same reasoning applies here. In Count Four of its Complaint, Bomasada explicitly alleges that Lord Aeck owes it contractual indemnity. (Doc. 1-1, ¶¶ 47-53). Taking Bomasada's allegations to be true, Section 9.3 of the Contract reflects that an express contractual indemnity agreement in fact exists. (Id. at ¶ 48). The existence of an express contractual indemnity agreement forecloses Bomasada from relying on a theory of common law or implied indemnity. The implied indemnity claim pled in Count Five of Bomasada's Complaint is due to be dismissed.

## IV.  CONCLUSION.

Alabama's substantive law does not recognize a claim for contribution, as pled by Bomasada. Additionally, Bomasada's common law indemnity claim is foreclosed by its claim based on an express written indemnity agreement. Count Five of Bomasada's Complaint is therefore due to be dismissed for failure to state a claim upon which relief can be granted.

DATED: May 18, 2021.

> By: /s/ *E. Britton Monroe*
> E. Britton Monroe (asb-1454-072e)
> Bryan A. Grayson (asb-8944-n65g)
> Allison R. Bendall (asb-1504-f52g)
> Attorneys for Defendant Lord Aeck
> Sargent, a Katerra Company PLLC

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Telephone: (205) 967-8822
bmonroe@lgwmlaw.com
bgrayson@lgwmlaw.com
abendall@lgwmlaw.com

## CERTIFICATE OF SERVICE

     I hereby certify that on this, the 18th day of May 2021, I caused the foregoing document to be served upon the below parties via the Court's electronic filing system or U.S. Mail, postage prepaid:

R. Ryan Daugherty (asb-1653-b34d)
SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255
Tel: (205) 930-5390
Fax: (205) 212-3851
rdaugherty@sirote.com
*Attorney for Plaintiff Bomasada*
*Birmingham Metropolitan, LLC*

                              /s/ ***E. Britton Monroe***
                                OF COUNSEL

3852139